IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>APPROXIMATELY TWENTY-NINE (29) FIREARMS AND FIREARM ACCESSORIES,<br><br>    Defendant. | CIVIL NO. _____ |

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, acting by and through the United States Attorney for the Northern District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, files this verified complaint against the Defendant Property, and states:

## NATURE OF THE ACTION

1. This is an action to forfeit the defendant Property to the United States pursuant to 18 U.S.C. §§ 924(d)(l) and (3).

## DEFENDANT IN REM

2. The defendant property consists of approximately twenty-nine (29) firearms and firearm accessories seized by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) on September 4, 2019 (collectively, "the defendant property"). A list of the defendant property is set out in Attachment A.

3. The defendant property is in the custody and management of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in the Northern District of Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this cause of action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper under 28 U.S.C. § 1355(b)(1)(A) and 28 U.S.C. § 1395, because acts or omissions giving rise to the forfeiture occurred in this district and the property was found and is located in this district.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 18 U.S.C. §§ 924(d)(l) and (3), which provide for the forfeiture of any firearm or ammunition intended to be used in a violation of 18 U.S.C. § 922(a)(1)(A). Under 18 U.S.C. § 922(a)(l)(A), it is unlawful for any person, except a licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or, in the course of such business, to ship, transport, or receive any firearm in interstate or foreign commerce.

## FACTS

8. On or about August 31, 2019, ATF agents received information that Marcus Anthony Braziel of Lubbock, Texas was manufacturing and selling AR-type rifles and other

firearms without holding a federal license authorizing him to engage in the business of selling firearms. Specifically, ATF agents recovered evidence that Braziel was obtaining receivers[1] and other components and using them to manufacture AR-type rifles, which he subsequently sold.

9. On September 1, 2019, ATF Special Agent (SA) Jason McCarthy spoke with D.D., a licensed firearms dealer in Lubbock, Texas. D.D. told the agent that Braziel was a customer who regularly ordered firearms on the internet and received them through D.D.'s business. Between June 3, 2014, and October 3, 2017, Braziel acquired fifty-one (51) AR-type rifle receivers, ten (10) pistols, and three rifles by delivery to D.D.'s business.

10. On September 1, 2019, SA McCarthy and Task Force Officer (TFO) C. Mitchell Fish spoke with Braziel. During that conversation, Braziel told SA McCarthy and TFO Fish that he had purchased Anderson Manufacturing AM-15 receivers and used them to manufacture AR-type rifles. Braziel also told SA McCarthy and TFO Fish that he had placed ads on the website Armslist.com and Craigslist.com to advertise the firearms for sale. Braziel also told SA McCarthy and TFO Fish that he typically would sell an AR-type rifle for between $500.00 and $700.00, after spending $400.00 to $500.00 to purchase the receiver and other components to build the rifle. Braziel showed SA McCarthy and TFO Fish nine bills of sale for firearms he had sold, but told them his copies of others had been lost when he damaged his cell phone. Three of the nine bills of sale corresponded to three

---

[1] A "firearm receiver" is "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." 27 C.F.R. 478.11. Under 18 U.S.C. § 921(a)(3), the receiver is the regulated firearm, and licensed manufacturers and importers are required to mark the designated receiver with a serial number under 18 U.S.C. § 923(i). *See also* 27 C.F.R. 478.92.

**Complaint for Forfeiture - Page 3 of 9**

separate multi-caliber AM-15 receivers purchased from D.D. on March 21, 2016, and each one listed the rifle's caliber as 5.56/.223, indicating that the receivers purchased from D.D. had subsequently been manufactured into rifles. The three bills of sales documented rifle sales between May and October of 2016, with two for $750.00 and one for $650.00.

11. During his conversation with SA McCarthy and TFO Fish, Braziel allowed them to review property inside a safe in his residence. Inside the safe were three AR-type rifles.

12. From 2014 through 2016, Braziel sold the following firearms:

   a. On or about March 26, 2014, Braziel sold a Glock 23 pistol, serial number ending in 534, to R.G., a resident of Snyder, Texas;

   b. On or about September 15, 2014, Braziel sold an Anderson AM-15 rifle, serial number ending in 5453, to J.R., a resident of Lubbock, Texas;

   c. On or about December 14, 2014, Braziel sold a Smith & Wesson Model 5903 pistol, serial number ending in 2272, to A.B., who provided Braziel with a Colorado address at the time of purchase;

   d. On or about December 14, 2014, Braziel sold a GPI 5.56 rifle, serial number ending in 4102, to S.S., who provided Braziel with a Minnesota address at the time of purchase;

   e. On or about May 27, 2015, Braziel sold two Anderson AM-15 rifles, serial numbers ending in 8137 and 0718, to A.I., a resident of Lubbock, Texas;

   f. On or about January 6, 2016, Braziel sold an Anderson AM-15 rifle, serial number ending in 2112, to A.M., a convicted felon with a residence in

Austin, Texas;

g. On or about April 21, 2016, Braziel sold a Spikes ST-15 rifle, serial number ending in 3606, to V.M., a resident of Lubbock, Texas;

h. On or about May 27, 2016, Braziel sold an Anderson AM-15 rifle, serial number ending in 6635, to A.M., a resident of Levelland, Texas;

i. On or about October 4, 2016, Braziel sold an Anderson AM-15 rifle, serial number ending in 0755, to T.N., a resident of Lubbock, Texas; and

j. On or about October 8, 2016, Braziel sold an Anderson AM-15 rifle, serial number ending in 0756, to "S.A.", a resident of Odessa, Texas.

13. In addition, between May 28, 2018 and January 31, 2019, Braziel exchanged text messages with at least six other individuals about firearm sales, including sales of manufactured rifles.

14. Between October 11, 2017 and September 30, 2018, Braziel posted twenty-one (21) separate listings on the website Armslist.com. A majority of the listings were firearms for sale, while two related to firearms manufacturing equipment, including a benchtop mill and hydro-dipping equipment.

15. Between approximately April 2013 and October 2017, Braziel purchased ninety-four (94) firearms from at least four separate FFLs. None of these firearms are classified as curios or relics. Of the ninety-four (94) firearms, seventy-one (71) are presumed to have been sold by Braziel.

16. Braziel has regularly conducted business, including purchasing firearms and components necessary for the manufacture and sale of AR-type rifles and other firearms,

with numerous firearms businesses, including Anderson Manufacturing, Arms of America, ArmsUnlimited, BOTACH, Brownell's, and Fatboy Tactical.

17. Braziel has never held a Federal Firearms License (FFL).  Braziel previously held a Curio and Relic License, which expired on April 1, 2017.

18. On September 4, 2019, ATF agents and officer searched Braziel's residence in Lubbock, Texas pursuant to a warrant.  The defendant property was inside Braziel's residence when the warrant was executed.  None of the defendant property was manufactured in Texas.  The defendant property moved in interstate or international commerce to arrive in Texas.

19. The defendant property was involved in, and intended to be used in, a violation or violations of 18 U.S.C. § 922(a)(1)(A).  The defendant property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 924(d)(1) and (3).

## RELIEF SOUGHT

WHEREFORE, the United States requests the following:

a) That the Clerk of the Court issue a warrant for the arrest of the defendant property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 981(b);

b) That the United States Marshals Service, or its designee, arrest the defendant property, pursuant to the warrant, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 981(b);

c) That the United States publish notice of the complaint for forfeiture on the website www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

d) That the United States Marshals Service, or its designee, serve notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on any person reasonably appearing to be a known potential claimant, advising the person of the date of notice; of the deadline for filing a claim; that an answer or motion under Rule 12(b) must be filed no later than 21 days after the filing of the claim; and of the name of the Assistant United States Attorney to be served with the claim and answer;

e) That the court, after all proceedings are had on this complaint for forfeiture, declare the defendant property forfeited to the United States according to law;

f) That the court appropriately tax all costs and expenses incurred by the United States in obtaining the forfeiture of the defendant property against any persons or entities who filed a verified claim and answer in this case; and

g) That the court grant the United States any further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ *Gregory S. Martin*
GREGORY S. MARTIN
Assistant United States Attorney
California Bar No. 294482
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214-659-8600
E-mail: gregory.martin2@usdoj.gov

## VERIFICATION

I, C. Mitchell Fish, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives in the Dallas Field Division. I am aware of the investigation that involved the seizure of the defendant property, the circumstances of the seizure, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Civil Complaint for Forfeiture and know its contents. The factual information contained in the Complaint is true and correct.

Date: July 2ND, 2020

C. Mitchell Fish
Task Force Officer
Lubbock Field Office
Dallas Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives