UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| PLAINTIFF | § | CIVIL NO. 5:20-CV-147-C |
| | § | |
| V. | § | |
| | § | **VERIFIED CLAIM FOR** |
| APPROXIMATELY TWENTY-NINE (29) | § | **SEIZED PROPERTY** |
| FIREARMS AND FIREARM | § | |
| ACCESSORIES, | § | |
| | § | |
| DEFENDANT | § | |

## VERIFIED ANSWER TO NOTICE OF
## COMPLAINT FOR FORFEITURE AGAINST PROPERTY

Claimant(s), Marcus Braziel, by and through their undersigned counsel, hereby files his Verified Answer and Affirmative Defenses to the Plaintiffs' Verified Complaint for Forfeiture Against Property and admits, denies, and alleges, as follows:

### NATURE OF ACTION

1. Answering Paragraph 1 of the Complaint, Claimant admits that this is a civil action in rem. Claimant denies that the remaining allegations contained in Paragraph 1 are true and correct.

Verified Answer
Page 1

## DEFENDANT IN REM

2. Answering Paragraph 2 of the Complaint, Claimant admits that his property consists of approximately twenty-nine (29) firearms and firearm accessories which were seized by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) on September 4, 2019.

3. Answering Paragraph 3 of the Complaint, Claimant admits that his property is in the custody and management of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in the Northern District of Texas.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Complaint, Claimant admits this Court has subject matter jurisdiction over this cause of action pursuant to 18 U.S.C. §§ 1345 and 1355.

5. Answering Paragraph 5 of the Complaint, Claimant admits that this Court has in rem jurisdiction pursuant to 28 U.S.C. § 1355(b)(1)(A) based on the alleged acts presented by Plaintiff. However, Claimant denies that any unlawful acts or omissions giving rise to the forfeiture occurred in this district.

6. Answering Paragraph 6 of the Complaint, Claimant admits that venue is proper under 28 U.S.C. § 1355(b)(1)(A) and 28 U.S.C. § 1395, based on the alleged acts presented by Plaintiff. However, Claimant denies that any acts or omissions

giving rise to the forfeiture occurred in this district. Claimant agrees that the remaining allegations found in Paragraph 6 are true and correct.

## BASIS FOR FORFEITURE

7. Answering Paragraph 7 of the Complaint, Claimants deny that the property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and (3), and 18 U.S.C. § 922(a)(1)(A), because the Claimant was not in the business of importing, manufacturing, or dealing in firearms, or, in the course of such business, to ship, transport, or receive any firearm in interstate or foreign commerce.

## FACTS

8. Answering Paragraph 8 of the Complaint, Claimant denies that the allegations contained in Paragraph 8 are true and correct.

9. Answering Paragraph 9 of the Complaint, Claimant denies that the allegations contained in Paragraph 9 are true and correct.

10. Answering Paragraph 10 of the Complaint, Claimant denies that the allegations contained in Paragraph 10 are true and correct.

11. Answering Paragraph 11 of the Complaint, Claimant denies that the allegations contained in Paragraph 11 are true and correct.

12. Answering Paragraph 12 of the Complaint, Claimant denies that the allegations contained in Paragraph 12 are true and correct.

13. Answering Paragraph 13 of the Complaint, Claimant denies that the allegations contained in Paragraph 13 are true and correct.

14. Answering Paragraph 14 of the Complaint, Claimant denies that the allegations contained in Paragraph 14 are true and correct.

15. Answering Paragraph 15 of the Complaint, Claimant denies that the allegations contained in Paragraph 15 are true and correct.

16. Answering Paragraph 16 of the Complaint, Claimant denies that the allegations contained in Paragraph 16 are true and correct.

17. Answering Paragraph 17 of the Complaint, Claimant denies that the allegations contained in Paragraph 17 are true and correct.

18. Answering Paragraph 18 of the Complaint, Claimant denies that the allegations contained in Paragraph 18 are true and correct.

19. Answering Paragraph 19 of the Complaint, Claimant contends that the following firearms are family heirlooms passed down to Vanessa Braziel and were neither involved in, nor intended to be used in, a violation, or violations, of 18 U.S.C. § 922(a)(1)(A), and therefore are not subject to forfeiture under 18 U.S.C. § 924(d)(1) and (3): (A) Smith & Wesson 1950 Revolver CAL:45 SN:S85617 (Asset ID 19-ATF-035416), (B) Browning B2000 Shotgun CAL:12 SN:51100C47 (Asset ID 19-ATF-035437), (C) Remington Arms Company, Inc. 700 Rifle CAL:270 SN: A6444393 (Asset ID 19-ATF-035443), (D) Taurus Rossi R92 Rifle CAL:38 SN:

5IN179396 (Asset ID 19-ATF-035428), (E) Yidiz Shotgun IND. NBD TS870 Shotgun CAL:12 SN:0111734 (Asset ID 19-ATF-035442). Claimant denies that the remaining allegations contained in Paragraph 19 are true and correct.

### ANSWER TO CLAIM FOR RELIEF

20. All responses made to Paragraphs 1 through 19 of the Complaint are re-alleged and incorporated herein, by reference.

21. The remainder of the Complaint, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Claimant denies that the relief requested is proper or justified by the facts of this case.

22. Claimant denies any and all allegations no specifically admitted above.

23. The affirmative defenses set forth below are asserted based on information and belief.

### CLAIMAINT'S AFFIRMATIVE DEFFENSE

#### FIRST AFFIRMATIVE DEFENSE
[Failure to State a Cause of Action]

24. The Complaint for Forfeiture fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### [Good Faith]

25. The Government is estopped from obtaining a forfeiture judgement because it obtained the seizure warrant through, incorrect, misleading, or incomplete allegations.

## THIRD AFFIRMATIVE DEFENSE
### [Innocent Owner]

26. Claimant acted in good faith at all times relevant to the Complaint.

27. Claimant, as an innocent owner, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity

## FOURTH AFFIRMATIVE DEFENSE
### [Fourth Amendment]

28. Plaintiff's seizure of the Claimant's property violates the Claimant's Fourth Amendment right to be free from illegal search and seizures.

## RELIEF

29. WHEREFORE, this answering Claimants respectfully pray this Court will:

   a. Dismiss the Government's Complaint and enter Judgement on behalf of the Claimant;

   b. Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award cost and attorney fees to the Claimant; and

    c. Provide such relief as the Court deems proper and just.

30. Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty and Maritime Claims of Federal Rules of Civil Procedure, I, Marcus Braziel, hereby claim and demand the return and/or release of the following seized items in the instant case:

1. Every item identified in "Exhibit A" of the Verified Complaint for Forfeiture Against Personal Property and attached again hereto.

My interest in the property is that I lawfully held the defendant property that was seized from my Lubbock, Texas home for the purposes of lawful collection of firearms. The property seized from Lubbock, Texas is my property. It is not contraband.

I hereby verify that the averments contained in the foregoing Claim are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the law of the State of Texas and the United States that the foregoing is true and correct.

Date: ~~July~~ August 21, 2020   _____
                                                                    Marcus Braziel

Subscribed and sworn to before me by Marcus Braziel on this 21st day of August 2020.

CINDY SCOTT HENEGAR
Notary ID #10836633
My Commission Expires
April 23, 2021

_____
Notary Public, State of Texas

**Verified Answer**
**Page 7**

Respectfully submitted,

Hurley & Guinn

*/s/ Daniel W. Hurley*
SBN 10310200
1805 13th Street
Lubbock, Texas 79401
Telephone: (806) 771-0700
Fax: (806) 763-8199
Email: dwh@hurleyguinn.com
Attorneys for Claimant, Marcus Braziel

## PROOF OF SERVICE

I, Daniel W. Hurley, the undersigned, am the attorney of record for Marcus Braziel. I have caused service of the Verified Claim for Seized Property on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them:

Gregory S. Martin
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699

*/s/ Daniel W. Hurley*
Daniel W. Hurley

**Verified Answer**
**Page 8**